UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK COLSTON,

    Plaintiff,

v.                                                        Case No. 2:08-cv-107
                                                       HON. ROBERT HOLMES BELL

DORENE MATTHEWS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Mark Colston, an inmate currently confined at the Hiawatha Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Social Worker Dorene Matthews. Plaintiff's complaint alleges that he was assaulted in 2004 and 2005 by a former corrections officer. Plaintiff states that in retaliation for complaining about these assaults, he was transferred "up north."

Plaintiff states that after he arrived at the Ojibway Correctional Facility (OCF) in January of 2007, he sent a medical form to mental health services at OCF explaining that he had been sexually assaulted and requesting counseling. Plaintiff subsequently met with Defendant and explained what had happened to him. Plaintiff gave a copy of sexually explicit notes written by former Corrections Officer Cramer and a copy of a memo Corrections Officer Kevin Lindsey sent to Warden Bruce Curtis, which indicated that Cramer had admitted sexually assaulting Plaintiff. Defendant indicated that she believed Plaintiff and that she would speak to Inspector Marijun about investigating the incident.

Plaintiff saw Defendant again on February 3, 2007, and told her that he still had not been interviewed by the inspector regarding his claim of sexual assault. On February 10, 2007, Plaintiff saw Defendant and stated that he was "making it" at OCF. Defendant told Plaintiff to kite if he needed to see someone in Psychological Services. On March 9, 2007, Plaintiff kited and complained of stress and depression. Plaintiff was given handouts on depression and anxiety and was encouraged to follow the techniques discussed, and to contact Health Care if an emergency arose. Plaintiff went to Health Care on March 30, 2007, complaining of depression and nausea. However, Plaintiff refused any medication and was advised to refer to the techniques on the handouts.

On April 25, 2007, Plaintiff was seen by Defendant in response to an earlier kite. Plaintiff wished to be transferred from OCF, but Defendant told him that Psychological Services was not involved in transfers. Defendant also told Plaintiff that because he was not clinically mentally ill, a referral would not be made to the Outpatient Mental Health Program. Defendant saw Plaintiff on May 5, 2007, and informed him that because of her caseload, she could not grant lengthy ongoing therapy sessions. Plaintiff told Defendant that he was going to pursue further legal action regarding the sexual assault by former Corrections Officer Cramer.

On June 3, 2007, Plaintiff sent a kite stating that he was depressed and that he needed counseling. On June 4, 2007, Plaintiff spoke with Defendant in front of the school building and asked why he had not been scheduled for a counseling session. Defendant told Plaintiff that she did not receive his medical forms and that she was told by corrections officials not to schedule him for another counseling session. Defendant told Plaintiff that she personally believed that he did need counseling. Plaintiff accused Defendant of stating false information in her May 5, 2007, progress note and Defendant told Plaintiff that she had been told by corrections officials to discredit him.

Defendant told Plaintiff that she would schedule him for a counseling session on June 19, 2007, to discuss the false information. Defendant then instructed Plaintiff to give his medical forms to a prisoner in her group therapy session and have that prisoner deliver the forms to her.

On June 18, 2007, Plaintiff sent Defendant a medical form, stating that he had not received an itinerary for a counseling session on June 19, 2007. On June 19, 2007, Plaintiff was scheduled for a counseling session on June 20, 2007. On June 20, 2007, Plaintiff arrived for counseling and found that a corrections officer was present in Defendant's office. Defendant then instructed Plaintiff that she did not want Plaintiff speaking to her in front of the school building or giving his medical forms to other prisoners to be delivered to her. Defendant then accused Plaintiff of having romantic feelings towards her. Finally, Defendant stated that Plaintiff could discuss his concerns in front of the corrections officer, who had been instructed not to repeat any confidential information, or he could leave her office.

Plaintiff claims that Defendant's actions violated his rights under the United States Constitution. Plaintiff is suing Defendant in her individual capacity and is seeking compensatory and punitive damages, as well as injunctive relief.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #26). Plaintiff has filed a response[1] and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

---

[1] Plaintiff has filed a motion to amend his response to the motion for summary judgment. Plaintiff's motion (docket #41) is granted. The allegations set forth in the proposed amendment were considered for purposes of this report and recommendation.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant contends that she is entitled to summary judgment on Plaintiff's Eighth Amendment claim because she did not act with deliberate indifference. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with

contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The Eighth Amendment requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. April 26, 1985).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*

Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Defendant attests that she saw Plaintiff on several occasions in response to his concerns regarding depression and anxiety over the alleged sexual assault which occurred two to three years earlier. Defendant determined that Plaintiff was not mentally ill or in need of long-term, regularly scheduled counseling. Defendant provided Plaintiff with written materials on how to handle the symptoms of depression and anxiety and coping with sexual assault. Defendant noted that Plaintiff appeared to be coping with his daily life. Plaintiff was seen by health care and refused any medication, but was again referred to the written materials. Defendant attests that after she told

Plaintiff that he was not a candidate for regular weekly counseling sessions, he began to stalk her, showing up at the school building door several times a week for two to three weeks. On June 20, 2007, Defendant met with Plaintiff in the presence of a custody officer because she was concerned for her own safety and security. Plaintiff refused to talk with the officer present and began to argue with Defendant. Thereafter, Defendant had Plaintiff escorted from the office. Plaintiff filed a grievance against Defendant, and the responses at levels I, II and III concluded that Defendant had behaved in a professional manner. Plaintiff was transferred from OCF on January 17, 2008. (Defendant's Exhibit A, Defendant's affidavit.) Defendant also attaches copies of Plaintiff's mental health records, and Plaintiff's grievance, grievance appeals and responses, which support the assertions in Defendant's affidavit. (Exhibit A, attachments A-1 to A-14.)

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). As noted above, the record shows that Plaintiff was seen numerous times by Defendant and was offered written materials, as well as medications, for his anxiety and depression. Therefore, in the opinion of the undersigned, Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

Plaintiff seeks the removal of allegedly false information from Defendant's May 4, 2007 progress note. Plaintiff claims that the notation that he was continuing his routine and was getting enough sleep and nutrition is false. An inmate has a limited right to have information expunged from his prison file. However, a prisoner must establish that the information is actually in his file, that it is false, and that the information is relied on to a constitutionally significant degree. *Johnson v. CCA-Northeast Ohio Correctional Center Warden*, No. 00-4483, 2001 WL 1109487, *1 (6th Cir. Sept. 14, 2001); *Maiden v. Johnson*, No. 98-1479, 1999 WL 507027, *1 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, **2 (6th Cir. March 12, 1999) (all unpublished) (all citing *Paine v. Baker*, 595 F.2d 197 (4th Cir.), *cert. denied*, 444 U.S. 925 (1979)). *See also U.S. ex rel Silverman v. Commonwealth of Pennsylvania*, 527 F. Supp. 742 (D.C. Pa. 1981), *aff'd*, 707 F.2d 1395 (3rd Cir. 1983).

Defendant states that the information is not false. Defendant asserts that she determined that Plaintiff was functioning adequately and was not mentally ill. In addition, Plaintiff fails to establish that the information in the progress note was relied on to a constitutionally significant degree. Plaintiff was not diagnosed with any serious mental health illness or disease and was not denied treatment for such. Therefore, the undersigned recommends that Defendant be granted summary judgment on this claim.

Defendant states that she is entitled to summary judgment on Plaintiff's equal protection claim because it is entirely conclusory. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432,

439 (1985). Plaintiff fails to allege that he was treated differently than any other similarly situated person. Therefore, Defendant is entitled to summary judgment on Plaintiff's equal protection claim.

Defendant states that she is entitled to summary judgment on Plaintiff's retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As noted by Defendant, Plaintiff fails to allege any facts showing that any of her conduct was motivated by a desire to retaliate against him for engaging in protected conduct. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete, relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action.

Accordingly, the undersigned recommends that Defendant be granted summary judgment on this claim.

Defendant asserts that Plaintiff's claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e), which states:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.*

Defendant is correct. The Sixth Circuit repeatedly has held, albeit in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June 7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000). The Second and Fifth Circuits also have found that § 1997e(e) applies to constitutional claims. *See Thompson v. Carter*, 284 F.3d 411 (2d Cir. 2002) ("Because the words 'federal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights."); *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001) (applying § 1997e(e) to constitutional claims, including First Amendment religion claims); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Therefore, Plaintiff's claims for compensatory and punitive damages are barred by § 1997e(e).

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's motion for summary judgment (docket #26) be granted and this case be dismissed in its entirety. In addition, should the court adopt the report and recommendation in this case, Plaintiff's pending motions for preliminary injunction, to appoint counsel, and to supplement his objections to Defendant's motion to stay discovery (docket #39, #40 and #42) are properly denied as moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

   /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 17, 2009