UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK COLSTON,

               Plaintiff,                      FILE NO. 2:08-CV-107

v.                                       HON. ROBERT HOLMES BELL

DORENE MATTHEWS,

               Defendant.

_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant filed a motion for summary judgment (docket #26). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion and enter judgment for Defendant (docket #48). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #51). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted as clarified by this Opinion.

### I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing

the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof." *Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing the whole record, the court must determine "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion. *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

## II.

Plaintiff alleged in his complaint that, while he was a prisoner at Ojibway Correctional Facility (OCF), he received constitutionally inadequate mental health care. He alleged that Defendant, an OCF social worker, violated the Eighth Amendment by discontinuing one-on-one counseling sessions with Plaintiff and concluding that Plaintiff was not clinically eligible for a referral to the Outpatient Mental Health Program. The Magistrate Judge determined that Defendant was entitled to summary judgment on Plaintiff's Eighth Amendment claim. The Magistrate Judge also concluded that Plaintiff was not entitled to the removal of

allegedly false information from his medical file.  In addition, the Magistrate Judge found that Plaintiff made only conclusory allegations to support his equal protection and retaliation claims.  Finally, the Magistrate Judge concluded that Plaintiff's claims for compensatory and punitive damages for emotional injuries were barred by 42 U.S.C. § 1997e(e).

In his objections, Plaintiff first argues that Defendant is not entitled to summary judgment on the Eighth Amendment claim because he introduced sufficient evidence to create a genuine issue of material fact concerning the reason Defendant refused to continue mental health counseling.  Specifically, Plaintiff claims that he filed an affidavit stating that Defendant told him that she had discontinued his visits after receiving instructions from correctional officers who were interested in minimizing evidence of Plaintiff's depression arising out of an admitted sexual assault by a prison guard.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective

-4-

component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The Court has reviewed the Magistrate Judge's reasoning and finds no error. Plaintiff was seen by Defendant on a numerous occasions over a period of five months in response to his complaints of depression. He was offered written materials on coping with depression, anxiety and sexual assault. Plaintiff was seen in the medical unit and was offered medication, which he refused. The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*,

258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).   No reasonable factfinder could conclude that Defendant was deliberately indifferent to Plaintiff's serious medical need.

Plaintiff next objects that the Magistrate Judge erred in concluding that Plaintiff had no due process right to have allegedly false information removed from his prison mental health file.  The Magistrate Judge accepted Plaintiff's argument that, under the reasoning of *Paine v. Baker*, 595 F.2d  197 (4th Cir. 1979), an inmate has a limited right to have information expunged from his prison file.  *See also Johnson v. CCA-Northeast Ohio Correctional Center Warden*, No. 00-4483, 2001 WL 1109487, at *1 (6th Cir. Sept. 14, 2001) (citing *Paine*); *Maiden v. Johnson*, No. 98-1479, 1000 WL 507027, at *1 (6th Cir. June 10, 1999) (same); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (same) (all unpublished).  In *Paine*, the Fourth Circuit held that, in order to establish a right to expunge information, the prisoner must show that the information is actually in his file, that it is false and that the information is relied on to a constitutionally significant degree.  *Paine*, 595 F.2d  at 201-02.  The court held that, to demonstrate reliance to a constitutionally significant degree, an inmate must show that he has a liberty interest at stake so that the due process clause is implicated.  *Id.* at 202.  The facts underlying *Paine* involved the prisoner's disciplinary record, which arguably could have implicated his due

process interest in his parole. *Id.* (distinguishing other administrative actions such as transfer to another facility or classification status, which are not within the ambit of the Due Process Clause); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 n.13 (5th Cir. 1997) (noting that, after *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979), which rejected the existence of a freestanding due process right to be fairly considered for parole, the continuing viability of the *Paine* decision is highly dubious).[1]

Plaintiff argues that Defendant's progress report of May 5, 2007 – which allegedly falsely indicated that Plaintiff was coping with his situational stressors and that clinical evidence did not support a referral to outpatient mental health – is being used to label Plaintiff as a threat to security, which prevents him from being eligible for certain programs and job assignments. The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In addition, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9

---

[1]Plaintiff does not directly state that his medical records will be used against him in a parole hearing. However, to the extent he intends to raise such a claim, he fails to demonstrate a constitutional interest. The Sixth Circuit has expressly held that, in Michigan, because a prisoner has no liberty interest in parole, the parole board's reliance on false information does not implicate the due process clause. *See Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006).

(1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).  Further, federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment.  *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)  (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("no constitutional right to vocational or educational programs").  Because Plaintiff has no liberty interest in his classification or in any program or job, Plaintiff has no due process right to the expungement of the allegedly false medical record.

In his third objection, Plaintiff contends that has adequately supported an equal protection claim because Defendant allegedly told him that, if he was female, his sexual assault by a corrections officer would have been treated differently and would have resulted in criminal charges.  Assuming Defendant made such a comment, the comment does not

support Plaintiff's claim that Defendant herself engaged in conduct that deprived Plaintiff of his right to equal protection.  Moreover, such a comment by a mental health treatment provider constitutes insufficient evidence for a jury to conclude that some unnamed person treated Plaintiff differently than any similarly situated female.  The Magistrate Judge's determination was patently correct.

In his fourth objection, Plaintiff contends that the Magistrate Judge erroneously concluded that Plaintiff failed to demonstrate a genuine issue of material fact on his retaliation claim.  The Court has fully reviewed the reasoning of the Magistrate Judge and finds no error.

Finally, Plaintiff asserts that the Magistrate Judge erred by concluding that Plaintiff's compensatory and punitive damages were barred by 42 U.S.C. § 1997e(e).  The Court finds no merit in Plaintiff's objection.

### III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge, as clarified by this Opinion.  Accordingly, the Court will grant Defendant's motion for summary judgment and enter judgment for Defendant.  A Judgment consistent with this Opinion shall be entered.

Dated: June 19, 2009                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE